## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | | |
|---|---|---|
| ACTIVELIGHT, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. No. 6:14-CV-1197-Orl - 40GJK |
| v. | § | |
| | § | |
| | § | |
| MONSTER VISION, LLC, | § | **DEMAND FOR JURY TRIAL** |
| d/b/a MONSTER MEDIA | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff Activelight, Inc. ("Plaintiff"), by way of this Complaint against Defendant Monster Vision, LLC d/b/a Monster Media ("Defendant"), hereby alleges as follows:

### THE PARTIES

1.     Plaintiff is a corporation organized under the laws of Delaware with a principal place of business at 5400 Yahl Street, Suite D, Naples, Florida 34109.

2.     On information and belief, Defendant Monster Vision, LLC d/b/a Monster Media is a Florida limited liability company with a principal place of business at 555 S. Lake Destiny Road, Orlando, Florida 32810 and a registered agent for service of process at Capitol Corporate Services, Inc., 155 Office Plaza Dr., Suite A, Tallahassee, FL 32301.

### JURISDICTION AND VENUE

3.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C § 271 *et seq*.

4.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has systematic and continuous contacts with Florida and this judicial district, because Defendant is organized in the State of Florida and has thereby purposefully availed itself of the benefits and protections of the laws of the State of Florida, and because Defendant maintains its headquarters and regularly transacts business in the State of Florida and this judicial district. Furthermore, this Court has personal jurisdiction over Defendant because, as described further below, Defendant has committed acts of patent infringement giving rise to this action within the State Florida and this judicial district and has established minimum contacts such that the exercise of personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

6.      Venue is proper in this judicial district under 28 U.S.C. §§ 1400(b) and 1391 because Defendant is subject to personal jurisdiction in this district and has committed acts of patent infringement and has a regular and established place of business in this district.

## THE PATENT-IN-SUIT

7.      On December 11, 2012, United States Patent No. 8,330,613 ("the '613 Patent"), titled "REMOTE CONTROL ELECTRONIC DISPLAY SYSTEM," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '613 Patent is attached as Exhibit A to this Complaint.

8.      On May 6, 2008, United States Patent No. 7,369,058 ("the '058 Patent"), titled "REMOTE CONTROL ELECTRONIC DISPLAY SYSTEM," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '058 Patent is attached as Exhibit B to this Complaint.

9.      On May 7, 2002, United States Patent No. 6,384,736 ("the '736 Patent," collectively with the '613 Patent and the '058 Patent, "the Activelight Patents"), titled "REMOTE CONTROL ELECTRONIC DISPLAY SYSTEM," was duly and legally issued by the United States Patent and Trademark Office.   A true and correct copy of the '736 Patent is attached as Exhibit C to this Complaint.

10.     Plaintiff is the assignee and owner of all right, title, and interest in and to the Activelight Patents, and has the right to assert causes of action arising under the Activelight Patents and the right to any remedies for infringement thereof.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 8,330,613**

11.     Plaintiff re-alleges and incorporates herein by reference the allegations in paragraphs 1 through 10.

12.     Defendant has had notice of the Activelight Patents at least since April 1, 2013, when a subpoena was served upon Defendant in conjunction with a patent infringement action against a third party based in part on the third party's use of Defendant's iPOP™ digital promotion displays.

13.     Defendant is and has been directly infringing, both literally and under the doctrine of equivalents, one or more claims of the '613 Patent in the United States at least by making, using, selling, offering to sell, and/or importing digital signage systems including but not limited to Defendant's iPOP™ digital promotion displays throughout the United States in violation of 35 U.S.C. § 271 (a).

14.     Despite Defendant's notice of the '613 Patent, Defendant has continued to infringe one or more claims of the '613 Patent.  On information and belief, Defendant's infringement has been and continues to be willful.

3

15.     Because of Defendant's infringement of the '613 Patent, Plaintiff has suffered damages and will continue to suffer damages in the future.  Plaintiff is entitled to an award of such damages, but in no event less than a reasonable royalty, the precise amount to be determined at trial.

16.     Plaintiff has suffered irreparable injury due to the acts of infringement by Defendant and will continue to suffer such irreparable injury unless Defendant's infringing activities are enjoined.

17.     As a result of Defendant's wrongful conduct, Plaintiff is entitled to injunctive relief.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,369,058

18.     Plaintiff re-alleges and incorporates herein by reference the allegations in paragraphs 1 through 17.

19.     Defendant has had notice of the '058 Patent at least since April 1, 2013, when a subpoena was served upon Defendant in conjunction with a patent infringement action against a third party based in part on the third party's use of Defendant's iPOP™ digital promotion displays.

20.     Defendant is and has been directly infringing, both literally and under the doctrine of equivalents, one or more claims of the '058 Patent in the United States at least by making, using, selling, offering to sell, and/or importing digital signage systems including but not limited to Defendant's iPOP™ digital promotion displays throughout the United States in violation of 35 U.S.C. § 271 (a).

21.     Despite Defendant's notice of the '058 Patent, Defendant has continued to infringe one or more claims of the '058 Patent.  On information and belief, Defendant's infringement has been and continues to be willful.

4

22.     Because of Defendant's infringement of the '058 Patent, Plaintiff has suffered damages and will continue to suffer damages in the future.  Plaintiff is entitled to an award of such damages, but in no event less than a reasonable royalty, the precise amount to be determined at trial.

23.     Plaintiff has suffered irreparable injury due to the acts of infringement by Defendant and will continue to suffer such irreparable injury unless Defendant's infringing activities are enjoined.

24.     As a result of Defendant's wrongful conduct, Plaintiff is entitled to injunctive relief.

### COUNT III
### INFRINGEMENT OF U.S. PATENT NO. 6,384,736

25.     Plaintiff re-alleges and incorporates herein by reference the allegations in paragraphs 1 through 24.

26.     Defendant has had notice of the '736 Patent at least since April 1, 2013, when a subpoena was served upon Defendant in conjunction with a patent infringement action against a third party based in part on the third party's use of Defendant's iPOP™ digital promotion displays.

27.     Defendant is and has been directly infringing, both literally and under the doctrine of equivalents, one or more claims of the '736 Patent in the United States at least by making, using, selling, offering to sell, and/or importing digital signage systems including but not limited to Defendant's iPOP™ digital promotion displays throughout the United States in violation of 35 U.S.C. § 271 (a).

28.     Despite Defendant's notice of the '736 Patent, Defendant has continued to infringe one or more claims of the '736 Patent.  On information and belief, Defendant's infringement has been and continues to be willful.

29.     Because of Defendant's infringement of the '736 Patent, Plaintiff has suffered damages and will continue to suffer damages in the future. Plaintiff is entitled to an award of such damages, but in no event less than a reasonable royalty, the precise amount to be determined at trial.

30.     Plaintiff has suffered irreparable injury due to the acts of infringement by Defendant and will continue to suffer such irreparable injury unless Defendant's infringing activities are enjoined.

31.     As a result of Defendant's wrongful conduct, Plaintiff is entitled to injunctive relief.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment for itself and against Defendant as follows:

A.      An adjudication that Defendant has infringed one or more claims of the Activelight Patents;

B.      Permanently enjoining and restraining Defendant, its agents, affiliates, subsidiaries, servants, employees, officers, directors, attorneys, and those persons in active concert with or controlled by Defendant from further infringing the Activelight Patents, including but not limited to using, making, importing, offering for sell and/or selling products that infringe the Activelight Patents prior to their expiration;

C.      An award of damages to be paid by Defendant adequate to compensate Plaintiff for past infringement of the Activelight Patents and any continuing or future infringement of the

Activelight Patents through the date such judgment is entered, together with pre-judgment and post-judgment interest, costs, and expenses as justified under 35 U.S.C. § 284;

      D.     To the extent that Defendant's conduct with respect to the Activelight Patents is found to be objectively reckless, enhanced damages pursuant to 35 U.S.C. § 284 for willful infringement of the Activelight Patents;

      E.     An accounting of all infringing acts including, but not limited to, those acts not presented at trial and an award for Plaintiff's damages for any such acts;

      F.     A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

      G.     Such other and further relief at law or in equity as the Court deems just and proper.

Dated: July 23, 2014

HILL, RUGH, KELLER & MAIN, P.L.

/s/

Christopher T. Hill
Florida Bar No. 0868371
390 N. Orange Avenue, Suite 1610
Orlando, Florida 32801
Telephone: (407) 926-7460
Facsimile: (407) 926-7461
Email: chill@hrkmlaw.com

**Attorneys for Plaintiff**
**ACTIVELIGHT, INC.**